AERONCA, INC., Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

No. 80–1802.

United States Court of Appeals, Fourth Circuit.

Argued May 7, 1981.

Decided June 4, 1981.

James K. L. Lawrence, Cincinnati (George E. Yund, Frost & Jacobs, Cincinna-

ti, Ohio) John R. Wester, Charlotte, N. C. (Fleming, Robinson, Bradshaw & Hinson, Charlotte, N. C., on brief), for petitioner.

Judith Ann Dowd, N. L. R. B., Washington, D. C. (William A. Lubbers, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Robert E. Allen, Acting Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, John D. Burgoyne, Asst. Gen. Counsel, Washington, D. C., on brief), for respondent.

Before HAYNSWORTH, Senior Circuit Judge, ERVIN, Circuit Judge, and RAMSEY *, District Judge.

HAYNSWORTH, Senior Circuit Judge:

Aeronca, Inc. petitions for review and the Board cross-applies for enforcement of the Board's order and finding that the company violated § 8(a)(1) and (5) of the Act by unilaterally discontinuing its practice of giving its employees Christmas turkeys. Because we find that the union waived the company's duty to bargain about discontinuance of the turkey bonus, we deny enforcement of the Board's order.

Since at least 1952 the company had maintained a practice of giving each employee, including managers and supervisors, a Christmas turkey. The practice continued after the union was certified in 1974 as the exclusive bargaining representative of the company's production and maintenance employees.

The parties' first collective bargaining agreement included a broad zipper clause [1] and an arbitration clause.

At the beginning of negotiations for the 1976 collective bargaining agreement, the union submitted a 72-page contract proposal. The union proposed the addition of a maintenance-of-benefits provision [2] and a corresponding modification of the zipper clause. The company objected to the length of the proposal, and union representatives subsequently caucused to reduce its length. The turkey bonus was mentioned during that caucus, but the union decided to drop the maintenance-of-benefits provision because the employees had regularly received the turkeys. In the protracted negotiations that followed, the turkey bonus was never mentioned, and without discussion the zipper clause was carried over verbatim from the prior contract and the proposed maintenance-of-benefits provision was not included.

In December 1976 poor financial conditions prompted the company to institute a general austerity program. As part of that program, the company decided to discontinue the turkey bonus. When the employees were not given turkeys on Christmas 1977, the union filed a grievance. The company did not consider the turkey bonus a grievable matter, but submitted to arbitration when the union filed the present unfair labor practice charge and the Board's regional director informed the company that a complaint would issue if the company refused to arbitrate.

After a hearing the arbitrator denied the union's turkey bonus grievance. The Board then proceeded on the General Counsel's complaint. It concluded that the arbitra-

---

* Honorable Norman P. Ramsey, United States District Judge for the District of Maryland, sitting by designation.

1. The parties acknowledge that during the negotiations which resulted in this agreement each had the unlimited right and opportunity to make demands and proposals with respect to any subject or matter not removed by law from the area of collective bargaining, and that the understandings and agreements arrived at by the parties after the exercise of that right and opportunity are set forth in this Agreement. Therefore, the Company and the Union, for the life of this Agreement, each voluntarily and unqualifiedly waives the right, and each agrees that the other shall not be obligated to bargain collectively with respect to any subject or matter referred to or covered in this Agreement, or with respect to any subject or matter not specifically referred to or covered in this Agreement, even though such subject or matter may not have been within the knowledge or contemplation of either or both of the parties at the time that they negotiated or signed this Agreement.

2. The provision stated that "any and all benefits that the employees and/or Union are now receiving which are not specified in this Agreement shall continue during the term of this Agreement."

tor's decision did not meet the standards of the *Spielberg*[3] doctrine and thus did not warrant deference. On the merits, the Board concluded that the union had not waived its right to bargain over the discontinuance of the turkey bonus.

We need not decide whether the Board abused its discretion in declining to defer to the arbitrator's decision, because the Board's decision on the merits is inconsistent with our holding in *NLRB v. Southern Materials Co.*, 447 F.2d 15 (4th Cir. 1971). It is sought to distinguish this case from *Southern Materials* and the relevant Board precedents[4] on the ground that Aeronca continued the Christmas turkey bonuses after having entered the first agreement with the union. We find this an insufficient basis for not following our earlier precedent. The first contract did not obligate the employer to give the Christmas turkeys, and the negotiations leading up to the second one clearly indicate a union abandonment of any attempt to make giving of the turkeys obligatory.

Enforcement of the Board's order is denied.

ENFORCEMENT DENIED.

---

3. *Spielberg Manufacturing Co.*, 112 NLRB 1080 (1955).

4. *Bancroft Whitney Co.*, 214 NLRB 57 (1974); *Radioear Corp.*, 199 NLRB 1161 (1974).